[No. 3519.]

### W. T. STALLWORTH v. THE STATE.

1. "LOCAL OPTION" LAW — EVIDENCE. — In prosecutions under the local option law, the State, in order to support the jurisdiction of the commissioners' court to order the election, must show:

   (1) That a petition was filed in the said court praying for an election to determine the question of local option within the proposed limits. It must

appear that the said petition was signed by the requisite number of peti-
tioners, and that they were qualified voters within the proposed limits.

(2) It must be shown that the commissioners' court ordered the election
to be held, and within the prescribed time.

(3) The next proof to be adduced is the order of the court declaring the
result of the election and prohibiting sales; and this order will be held suffi-
cient, *prima facie*, to establish every fact it recites except as to jurisdictional
facts which arise alone upon the petition.    Every presumption, independent
of the petition, not contradicted by the order, will obtain in favor of the
legality and regularity of the proceedings incident to the election.    The rule
stated in the syllabus to the case of *Boone* v. *The State*, 10 Texas Ct. App.,
418, that the incidents of the election should be strictly proved, *aliunde* the
order, is not borne out by the opinion in that case.

(4) Next, it must be proved that the order of the court was published four
successive weeks in the county newspaper having the largest circulation, or
by posting the order in three public places in counties wherein no paper is
published.

(5) It must then appear from the proof that the law has been violated by
the accused within the prescribed limits.

2. SAME.— See the opinion for evidence *held* to establish the loss of the petition
sufficiently to admit parol proof of its contents; but note, also, that the
evidence of its contents fails to show that it was signed by the requisite
number of petitioners, or that those who signed it were qualified voters in
the precinct for which the election was asked.

APPEAL from the County Court of Falls.    Tried below before the
Hon. E. C. Stuart, County Judge.

The conviction was for the violation of the local option law, and
the penalty imposed was a fine of $25.

Except for the deficiency noted in the opinion, the State would
have been entitled to a conviction upon the evidence adduced.

*Goodrich & Clarkson*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.    In a trial for a violation of local option
it is incumbent upon the State to show, primarily, in order to sus-
tain the jurisdiction of the commissioners' court to order the elec-
tion:

1. *First.*    That a petition was filed in said court asking or pray-
ing for an election to determine the question of local option within
the proposed limits.    *Second.*    It must be shown that said petition
was signed by the requisite number of petitioners.    *Third.*    That
said petitioners were qualified voters in the proposed limits.    (*Akin*
v. *The State*, 14 Texas Ct. App., 143; *Prather* v. *The State*, 12 Texas
Ct. App., 402.)

II. Next in order of proof on such a trial it is necessary to be shown that the commissioners' court ordered the election to be held, and within the prescribed time. (*Boone* v. *The State*, 10 Texas Ct. App., 418.)

III. Then the order declaring the result and prohibiting the sales is the next proof to be adduced. In so far as this order is concerned, except as to the jurisdictional facts with regard to the petition, as above set out, it will be held sufficient *prima facie* to establish every fact recited by it. Every presumption not contradicted by the orders themselves will be indulged in favor of the regularity and legality of the proceedings incident to the holding of the election, after it has been once legally ordered, as above stated, and the result of the same has been subsequently ascertained and declared by the order of the court after the election has been held. These orders are evidence within and of themselves, and it is not necessary for the prosecution to go behind them to prove any of the facts they recite, except as to the petition. (*Prather* v. *The State*, 12 Texas Ct. App., 402.)

The case of *Boone* v. *The State*, 10 Texas Ct. App., 418, would seem from the syllabus to require proof aliunde the orders of the court that all the incidents of the election should be strictly proven. It is not so decided in the opinion, and the decision on the facts in that case is in no manner in conflict with the rules above declared.

IV. Next in order of proof it must be shown that the order of the commissioners' court declaring the result of the election and prohibiting the sale of intoxicating liquors within the prescribed limits was published four successive weeks in the county newspaper having the largest circulation, or by posting the order in three public places in counties where no newspaper is published. (See Rev. Stats., arts. 3227 to 3234, inclusive.)

V. Next, the evidence in the case must show the fact that the law has been violated by the accused within the prescribed limits. Proof of all the facts above enumerated is essential and sufficient to a valid conviction for violating local option.

The main question presented on this record is identical with the one upon which the case of *McMillan* v. *The State*, just read, was decided. (*Ante*, p. 375.) In this case, as in that, the petition upon which the commissioners' court ordered the election for local option was lost and could not be produced on the trial, and the State proposed to prove its loss and contents. The clerk of the court, who was the custodian, sufficiently establishes the loss to admit parol proof of its contents. His testimony as to the contents was: " Do

not remember who signed or purported to sign it; don't know that he knew any of the signers; only looked at the signatures to ascertain whether the number required by law was on it. He remembers that there were over twenty names to it. He thinks twenty-seven. Does not know where any of said signers lived, or whether they were qualified voters in said justice precinct." This was the only evidence of the contents. This evidence does not show who the signers were, nor that they were qualified voters in the precinct in which the election was asked.

It is unnecessary to notice the other questions discussed in the able briefs and argument of counsel for appellant, as they may not arise on another trial.

Because the conviction is without sufficient evidence to support it, the judgment is reversed, and the cause is remanded for another trial.

*Reversed and remanded.*

[Opinion delivered June 6, 1885.]